(February 24, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY J.F. BLOOMFIELD, Appellant. THE PEOPLE OF THE STATE OF

NEW YORK, Respondent, v STUART CREGGY, Appellant. [790 NYS2d 443]—

Judgments, Supreme Court, New York County (Laura Visitacion-Lewis, J., at hearing; Bernard J. Fried, J., at nonjury trial), rendered February 11, 2003, convicting each defendant of conspiracy in the fifth degree and 16 counts of falsifying business records in the first degree, and sentencing each of them to five years of probation, a $6,000 fine and 500 hours of community service, unanimously reversed, on the law, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of defendants-appellants pursuant to CPL 160.50, not less than 30 days after service of this order upon respondent, with leave during this 30-day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

In 2001, defendant Bloomfield, a Canadian lawyer, and defendant Creggy, an English lawyer, allegedly arranged for an individual (Charles Wilson) to sign letters identifying himself as the beneficial owner of the share capital of 16 "off-shore" companies, in an effort to prevent the Securities and Exchange Commission from discovering the true owners. Defendants' convictions for falsifying business records require the prosecution to prove that they committed the crime of falsifying business records in the second degree, and that their intent to defraud included an intent to commit another crime or to aid or conceal the commission thereof. Penal Law § 175.00 (2) defines "[b]usiness record" as "any writing or article, including computer data or a computer program, *kept or maintained by an enterprise* for the purpose of evidencing or reflecting its condition or activity" (emphasis added).

Each of the 16 letters forming the basis of the charges is addressed to the directors of the company to which it pertains, informs them that Wilson is the beneficial owner, and requires that they implement his directions with regard to running that company. The letters were held by Andrew Warren, a partner at the London law firm Talbot Creggy, who helped create these companies a few years earlier. The letters were found in Warren's office in a file marked "worked involved" or "working companies," "working notes" or "working file." The companies

at issue were managed by Channel Islands and International Law Trust Company (Management Company), which kept all the records for these corporations.[1] As the letters were not held by the Management Company or in the records of the 16 individual companies, they were not "kept or maintained" by these offshore corporations (the enterprise). Thus, they do not fit within the legal definition of "[b]usiness record."[2]

Penal Law § 175.10 (falsifying business records in the first degree) incorporates the elements of Penal Law § 175.05 (falsifying business records in the second degree). Section 175.05 (1) states that it is a crime to "[m]ake[ ] or cause[ ] a false entry in the business records of an enterprise." In a letter from Warren to the Management Company, Warren informs the Management Company that the owner of these 16 corporations is Wilson. This letter, however, does not suffice as proof that either defendant supplied the false information. Even assuming for the sake of this argument that Warren provided some management services for the companies by paying some of their bills, there is no evidence that Creggy or Bloomfield did so or that they had any connection to this letter. Furthermore, this letter did not form the basis of the indictments; rather, the 16 letters signed by Wilson form the basis of the charges and indictments. Concur—Buckley, P.J., Mazzarelli, Saxe, Friedman and Catterson, JJ.

---

1. Share registers for each corporation in issue may not have been kept by the Management Company.

2. The People argue that Warren kept the companies' records and cite exhibits (not contained in any of the appendices) demonstrating that the Liberian incorporation service and Channel Islands Trust Company billed Warren at Talbot Creggy's address for services that they rendered on behalf of the 16 companies. This is insufficient to establish that Warren kept or maintained the records.